**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1127-16T4

ERIC E. BELL,

     Appellant,

v.

BOARD OF REVIEW and LABOR
READY NORTHEAST, INC.,

     Respondents.

Argued March 4, 2019 – Decided March 28, 2019

Before Judges Messano and Rose.

On appeal from the Board of Review, Department of Labor, Docket No. 083,360.

Sarah Shaver Hymowitz argued the cause for appellant (Legal Services of New Jersey, attorneys; Sarah Shaver Hymowitz and Melville D. Miller, on the briefs).

Andy Jong, Deputy Attorney General, argued the cause for respondent Board of Review (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Andy Jong, on the brief).

Respondent Labor Ready Northeast, Inc., has not filed a brief.

PER CURIAM

Claimant Eric E. Bell appeals from a January 2, 2018 final decision of the Board of Review, upholding dismissal of his appeal as untimely without demonstrating good cause. The Board thereby determined claimant was responsible for repayment of $3770 in unemployment benefits. Based on our review of the limited facts and tortured procedural history, we reverse and remand for a hearing on the merits.

From August 2010 to March 2014, claimant worked as a general laborer for Labor Ready Northeast, Inc. at its Elizabeth office. Labor Ready is a temporary agency that places workers in daily jobs. Claimant lived approximately four blocks from the Elizabeth location, and walked to work. Because jobs were assigned on a first-come, first-served basis, claimant typically arrived at 5:00 a.m.

Labor Ready closed its Elizabeth location in March 2014. Thereafter, claimant relied on public transportation to commute to Labor Ready's Newark office. Claimant commuted approximately forty-five minutes by bus followed by a fifteen-minute walk to the Newark office. Because the first bus departed from Elizabeth to Newark at 4:45 a.m., claimant arrived at the office between

5:35 a.m. and 6:00 a.m., when most jobs already had been assigned. It is unclear from the record how long claimant sought work from Labor Ready's Newark location.

Following his application on July 27, 2014, claimant was provided unemployment benefits from August 2014 through January 2015, when he exhausted his maximum benefit amount. According to the Board, "claimant indicated that he was laid off when he initially filed his claim." Claimant's application is not contained in the record on appeal.

On August 5, 2014, the Unemployment Division notified Labor Ready of claimant's benefit determination and requested separation information (Division's notice and request). By correspondence dated August 12, 2014, TALX UCM Services, Inc., as the authorized agent of Labor Ready, responded by "request[ing] relief of benefit charges and/or a determination on . . . claimant's eligibility" (protest letter). In particular, the protest letter stated that "claimant [wa]s considered to have voluntarily quit after failing to maintain contact with the employer for further assignment as required by company policies, after an assignment had been completed." Apparently neither the Unemployment Division nor claimant received the protest letter.

 A-1127-16T4

By correspondence dated March 19, 2015, TALX notified the Division it had not received a "determination/decision" in response to its protest letter. Two months later, the Division entered a "remark" in its computer database that claimant "quit after failing to maintain contact" with his employer.

In June 2015, the Division requested that claimant complete its "Statement for Issue Clarification" form, noting "an unresolved issue . . . must be resolved before any benefits can be paid for the period [claimant] was employed." Claimant did not respond to the Division's request.

On July 10, 2015, the Division notified claimant he was disqualified for the benefits he had received because he "quit [his] job without good cause" (redetermination). Claimant did not appeal the redetermination within the time prescribed by N.J.S.A. 43:21-6(b)(1).[1]

In January 2016, claimant suffered a heart attack while employed with Parade Enterprises, LLC/Burger King, and was terminated from that

---

[1] N.J.S.A. 43:21-6(b)(1) provides in pertinent part:

> Unless the claimant . . . within seven calendar days after delivery of notification of an initial determination or within 10 calendar days after such notification was mailed to his . . . last-known address and addresses, files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith[.]

A-1127-16T4

employment the following week. Claimant then applied for unemployment benefits. Although claimant ultimately qualified for benefits for that claim, his benefits were withheld pending receipt of a refund for benefits received for his Labor Ready claim.

On March 1, 2016, claimant appealed the Division's redetermination, but did not appear at the ensuing hearing and, as such, an appeal tribunal dismissed his appeal. Thereafter, claimant's request that the appeal tribunal reopen the hearing was denied. On June 10, 2016, the Board "set aside, reopened, and remanded to the [a]ppeal [t]ribunal for a hearing and a decision on all issues."

On July 6, 2016, a hearing was conducted before an appeal tribunal, at which only the claimant and claimant's attorney appeared. At the conclusion of his testimony, claimant argued he was not afforded an opportunity to be heard regarding the Division's redetermination of his benefits, which he contended was improperly based on late information provided by Labor Ready. In particular, claimant did not receive the redetermination until one year after his claim had been approved. Claimant said by that time he was reemployed and, as such, did not need unemployment benefits. Finally, claimant argued Labor Ready's protest letter should have been treated as an appeal and denied as late.

The following day, the appeal tribunal dismissed claimant's appeal as untimely under N.J.S.A. 43:21-6(b)(1), and for failure to establish good cause for the late filing. On August 16, 2016, the Board dismissed claimant's appeal from the appeal tribunal's July 7, 2016 decision because it was not timely filed.[2]

In the meantime, claimant filed an OPRA[3] request for disclosure of the Division's records pertaining to his matter. Although referenced in its computer record, the Division was unable to produce Labor Ready's protest letter until September 2017. Nonetheless, claimant's request to reopen the matter initially was denied by the Board. However, following claimant's appeal to our court, we granted the Board's motion for a temporary remand to conduct a fact-finding hearing regarding the timeliness of Labor Ready's protest letter and the reason that "prompted the redetermination."

On October 11, 2017, a "limited" hearing was conducted before the appeal tribunal.[4] Claimant, his counsel and a Division representative appeared at the hearing. No one appeared on behalf of Labor Ready. The appeal tribunal again

---

[2] See N.J.S.A. 43.21-6(c) (requiring an appeal to the Board to be filed within twenty days of the date of mailing of the appeal tribunal's decision).

[3] Open Public Records Act, N.J.S.A. 47:1A-1 to -13.

[4] The hearing was held before the same hearing officer who had conducted the July 6, 2016 hearing.

denied claimant's appeal as untimely and without good cause for the late filing. In its January 2, 2018 final decision, the Board affirmed the appeal tribunal's decision but supplemented its findings of fact. In particular, the Board determined:

> [T]he employer's [protest letter] was not an appeal, it was the response to a request for separation information that is standardly sent to employers with the [Division's] monetary determination. . . .
>
> Therefore, there is no issue of a late appeal by the employer.
>
> While the timeliness of the employer's response to the [Division's notice and request] is academic, it is unknown why th[e protest letter] was not addressed at that time by the Division. However, [the Board is] satisfied both that the employer did respond to the request for information within the time limitation and that it is academic because no determination was issued to the employer until July 9, 2015.

This appeal followed.

It is well-settled that the purpose of our unemployment law is to provide financial assistance to those unemployed. See Utley v. Bd. of Review, 194 N.J. 534, 543 (2008). However, an individual shall not receive unemployment compensation benefits "[f]or the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed . . . ." N.J.S.A. 43:21-5(a).

Pursuant to N.J.A.C. 12:17-9.1(b), "'good cause attributable to such work' means a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment."

Despite the rigid language of the deadlines set forth in N.J.S.A. 43:21-6(b)(1), our case law provides for exceptions to the filing requirement in cases where a claimant can demonstrate good cause. See Rivera v. Bd. of Review, 127 N.J. 578, 589-90 (1992); Garzon v. Bd. of Review, 370 N.J. Super. 1, 5 (App. Div. 2004). We allow such exceptions when the requirements of due process so demand. See Rivera, 127 N.J. at 590.

Specifically, the Board has promulgated regulations governing the review of appeals filed late, and provides that late appeals may be considered when a delay in filing is caused by circumstances outside the applicant's control, or if the delay occurred because of circumstances that could not have been reasonably foreseen or prevented. N.J.A.C. 12:20-4.1(h). These exceptions recognize the need for the Board to be flexible in light of due process requirements. Garzon, 370 N.J. Super. at 7 n.4.

In the present matter, claimant challenges the Board's reliance on Labor Ready's protest letter, maintaining the Board should have considered that letter as an appeal, and dismissed it as untimely. The Board counters "there was no

determination for the employer to appeal" until the Division issued its redetermination in July 2015. Claimant further argues the Board impermissibly based its redetermination "exclusively on a one-sentence unsworn statement" in the protest letter, and the Division's acceptance of that letter violated the statutory and regulatory scheme, and his due process rights. In sum, he contends he properly received unemployment benefits, in the first instance, following closure of Labor Ready's Elizabeth office.[5]

As noted, we remanded this matter, <u>at the Board's request</u>, for a fact-finding hearing to determine, in part, "what prompted the redetermination." Inexplicably, however, a representative on behalf of Labor Ready did not testify at the remand hearing. Rather, the Board relied on a terse statement contained in the unsworn protest letter, purportedly sent to the Division in August 2014 by Labor Ready's agent, and a resulting entry in the agency's computer database. As the Board acknowledged, however, the Division failed to "follow up with the parties" regarding the reason claimant left his employment with Labor Ready. In these particular circumstances, the Division's acceptance of an ex parte

---

[5] <u>See</u> N.J.S.A. 43:21-5(c)(2) (recognizing, under certain circumstances, an employee "shall not be denied" benefits "for refusing to accept new work" where the "hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality"). <u>See also</u> N.J.A.C. 12:17-11.2(b)(2) and -11.5(a)(3).

<span style="float:right">A-1127-16T4</span>

objection from TALX, after claimant exhausted his benefits, raises due process concerns. Claimant's lack of a timely appeal should not serve to reward the employer, who appears to have prevailed without formally appealing at all.

We therefore conclude that although claimant did not provide sufficient evidence of good cause for his delayed appeal, the Board's concession that the Division failed to address the discrepancy in claimant's separation dictates a remand for a full fact-finding hearing prior to any requirement that he repay benefits. While we take no position on the outcome of the hearing, we acknowledge, as do the parties, that there exist genuine issues of fact concerning the reasons why claimant left his employment at Labor Ready. In light of our decision, we decline to address claimant's global argument that the Division's oversight in this matter is indicative of a pervasive practice regarding its acceptance and consideration of employers' protest letters in all cases.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-1127-16T4